Francisco J. Aldana (CSB #216388)
**THE ADVOCATES' LAW FIRM, LLP**
600 B Street, Suite 2130
San Diego, California 92101-4512
Telephone: (619) 236-8355
Facsimile:  (619) 239-5888


Attorneys for Plaintiffs
ROBERT H. ZAKAR
VALERIE ZAKAR

**THE ADVOCATES' LAW FIRM, LLP**
**www.theadvocateslaw.com**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. ZAKAR, VALERIE ZAKAR,<br><br>Plaintiff,<br><br>versus<br><br>CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HYB3; CWMBS, INC.; BANK OF AMERICA N.A. for itself and as successor for COUNTRYWIDE BANK, N.A.; COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOANS SERVICING, LP; AMERICA'S WHOLESALE LENDER; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONSTRUCT COMPANY, N.A.; and DOES 1 through 500, inclusive,<br><br>Defendants, | **Case Number:**<br><br>**'11 CV 0457 H    WVG**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, TEMPORARY RESTRAINING ORDER,  INJUNCTIVE RELIEF, AND MONETARY DAMAGES**<br><br>COUNT 1 :  WRONGFUL FORECLOSURE BY A STRANGER<br>COUNT 2 : FRAUD – INTENTIONAL<br>COUNT 3 : FRAUD – FRAUDULENT CONCEALMENT<br>COUNT 4 : NEGLIGENCE<br>COUNT 5 : RICO<br>COUNT 6 : RESPA<br>COUNT 8 : UNFAIR DEBT COLLECTION PRACTICES<br>COUNT 9 : CIVIL CODE § 2923.5<br>COUNT 10 : CIVIL CODE § 2923.6<br>COUNT 11 : UNLAWFUL, UNFAIR OR DECEPTIVE PRACTICES<br><br>**REQUEST FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs ROBERT H. ZAKAR and VALERIE ZAKAR (herein "Plaintiff"), complains and alleges as follows:

## I.   <u>JURISDICTION AND VENUE</u>

This Court has jurisdiction in this proceeding pursuant to 28 United States Code § 1331, pursuant to 12 United States Code § 2614 for Real Estate Settlement Practices Act ("RESPA") claims, and pursuant to 28 United States Code § 1367 for supplemental jurisdiction of Plaintiff's state law claims because all claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.   The Court has authority to issue a declaratory judgment by virtue of 28 United States Code § 2201.   Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent jurisdiction.   This Court also has subject matter jurisdiction over this action under 28 United States Code §§ 1331 and 1367 in that the Plaintiff is an intended, third-party beneficiary to a contract by or between the defendants or otherwise has standing.

1.   Venue is proper in this district pursuant to 28 United States Code § 1391 generally and whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here, purported communications notifying Plaintiff of foreclosure and election to sell under the security instrument conveyed and enforced by Defendants are in this district, and all of the Defendants actively conducted business within the forum state of California.

2.   Venue is proper in the County of San Diego because the Defendants, or some of them, reside in this county, and the injuries alleged herein occurred in this county.

## II.   <u>INTRODUCTION</u>

3.   This action involves an attempt to foreclose and take away forever Plaintiff's home by a stranger that has no authority and is not recognized as a legal party in any capacity having such a right – it is an attempted act of thievery the defendant(s) are about to complete unless this court stops them in their tracks.

**COMPLAINT**

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

4.   Additionally, Plaintiff herein alleges that defendants are not the owners of the mortgage on his property and hence do not have the right to foreclose.  On the other hand, if this Court finds that defendants are the owners and or have the right to foreclose on Plaintiff's property, defendants failed to  comply with applicable laws, as set forth in this Complaint.

### III.   PARTIES

5.   Plaintiffs ROBERT H. ZAKAR and VALERIE ZAKAR are husband and wife who, at all relevant times during the events alleged herein, resided in the County of San Diego.

6.   Defendant   CHL   MORTGAGE   PASS-THROUGH   TRUST   2006-HYB3 MORTGAGE   PASS-THROUGH   CERTIFICATES,   SERIES   2006-HYB3   (hereafter referred to as "CHL TRUST")   is a real estate investment conduit ("REMIC") trust as defined under 28 United States Code § 860D.

7.   Defendant CWMBS, INC. (hereafter referred to as "CWMBS") is corporation, origin unknown, that is identified as the "Depositor" under the April 1, 2006, Pooling and Servicing Agreement for CHL TRUST.

8.   Defendant   BANK   OF   AMERICA   N.A.   for   itself   and   as   successor   for COUNTRYWIDE BANK, N.A. (hereafter referred to as "BOFA") is a national banking association established under the laws of the United States of America.

9.   Defendant   COUNTRYWIDE   HOME   LOANS,   INC.   (hereafter   referred   to   as "CHL") is a wholly owned subsidiary of BOFA acting at the direction of BOA in various capacities.

10.  Defendant BAC HOME LOANS SERVICING, LP (hereafter referred to as "BAC") is a wholly owned subsidiary of BOFA acting at the direction of BOA in various capacities.

11.  Defendant AMERICA'S WHOLESALE LENDER (hereafter referred to as "AWL") is a broker, mortgage lending, and servicing institution.

12. Defendant   MORTGAGE   ELECTRONIC   REGISTRATION   SYSTEMS,   INC. (hereafter referred to as "MERS") is a corporation incorporated in Wilmington, Delaware, with its principal place of business in Reston, Virginia that operates an electronic registry

**COMPLAINT**

and owns no property or has no interest in any matter set out in this Complaint.

13. Defendant RECONSTRUCT COMPANY, N.A. (hereafter referred to as "RECON") is an unknown entity and a purported trustee under certain real estate document, as set forth in this Complaint.

14. The specifically named defendants in paragraphs 6 through 12 will be referred to collectively as "Defendants."

15. The true names and capacities, whether corporate, associate, individual or otherwise of Defendants DOES 1 through 500, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Plaintiff, as herein alleged. Plaintiff will seek leave of court to amend this Complaint to show their names and capacities when the same have been ascertained.

16. At all times mentioned in this Complaint, unless otherwise alleged, each Defendant was the agent, partner, or employee of every other Defendant, and in doing the acts alleged in this Complaint, was acting within the course, scope and authority of that agency, partnership, employment, joint venture, or conspiracy, and with the knowledge and consent of each of the other Defendants.

17. Unless otherwise indicated in this Complaint, none of the Defendants are authorized to engage in business, are not licensed, cannot bring a legal action, and cannot defend a legal action in the state of California.

**IV.   FACTUAL ALLEGATIONS**

18. This complaint is brought by a married couple seeking relief from the predatory mortgage lending practices and attempted theft by the Defendants. The defendants will complete the theft on March 8, 2011, unless this court intervenes.

19. On or about January 19, 2006, Plaintiff purchased residential real property located in the City of San Diego, County of San Diego, State of California commonly known and described as 10451 Harvest View Way, San Diego, California 92128 (hereinafter

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

**COMPLAINT**

"Property").  Plaintiff has been the owner of said Subject Property since that time.

20. On or about January 24, 2006, a Grant Deed was recorded on the Property naming Plaintiff as the "Grantee" in the Official Records of the San Diego County Recorder's Office and assigned document number 2006-0053922.  Plaintiff attaches hereto a true and correct copy of the Grant Deed, as Exhibit "1."

21. On or about January 24, 2006, a Deed of Trust was recorded on the Property identifying Plaintiff as "Borrower," identifying AWL as the "Lender," identifying RECON as the "Trustee," and identifying MERS as the "a corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."  Further, the Deed of Trust states that "MERS is the beneficiary under this Security Instrument."  The Deed of Trust was recorded in the Official Records of the San Diego County Recorder's Office and assigned document number 2006-0053923.  Plaintiff attaches hereto a true and correct copy of the Deed of Trust, as Exhibit "2."

22. On or about January 24, 2006, a Deed of Trust and Request for Notice of Default was recorded on the Property identifying Plaintiff as "Borrower," identifying RECON as the "Trustee," and "Beneficiary," and identifying BOFA's predecessor, Countrywide Bank, N.A., as the "Lender."  The Deed of Trust and Request for Notice of Default was recorded in the Official Records of the San Diego County Recorder's Office and assigned document number 2006-0053924.  Plaintiff attaches hereto a true and correct copy of the Deed of Trust and Request for Notice of Default, as Exhibit "3."

23. On or about March 27, 2007, a Substitution of Trustee and Full Reconveyance recorded on the Property substituting the then current beneficiary, "Countrywide Bank, FSB, fka Countrywide Bank, N.A., fka Countrywide Bank, a division of Treasury Bank, N.A." for the then new trustee, "ReconTrust Company, N.A."  The Substitution of Trustee and Full Reconveyance was recorded in the Official Records of the San Diego County Recorder's Office and assigned document number 2007-0204290.  Plaintiff attaches hereto a true and correct copy of the Substitution of Trustee and Full Reconveyance, as Exhibit "4."

**COMPLAINT**

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

24. On or about July 6, 2010, a Corporation Assignment of Deed of Trust/Mortgage was recorded on the Property whereby MERS is granting to CHL TRUST and CWMBS "All BENEFICIAL INTEREST" set forth in document 2006-0053923, the Deed of Trust.  The Corporation Assignment of Deed of Trust/Mortgage was recorded in the Official Records of the San Diego County Recorder's Office and assigned document number 2010-0337719. Plaintiff attaches hereto a true and correct copy of the Corporation Assignment of Deed of Trust/Mortgage, as Exhibit "5."

25. On or about April 9, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded on the Property by MERS, through its agent, RECON, in the Official Records of the San Diego County Recorder's Office and assigned document number 2009-0463598.  Plaintiff attaches hereto a true and correct copy of the Notice of Default and Election to Sell Under Deed of Trust, as Exhibit "6."

26. On or about April 5, 2010, a Notice of Trustee's Sale was recorded on the Property by RECON, in the Official Records of the San Diego County Recorder's Office and assigned document number 2010-0166307.  Plaintiff attaches hereto a true and correct copy of the Notice of Trustee's Sale, as Exhibit "7."

27. Plaintiff was not provided any loan related documents or required executed copies at or before the Closing and Plaintiff was told such documents would be mailed at a later date. Such loan documents were not provided to Plaintiff despite Plaintiff requesting same.  It was not until a few months after the Notice of Default and Election to Sell Under the Deed of Trust that Plaintiff secured copies of aforementioned exhibits, exhibits 1 to 7.

28. On or about May 11, 2006, CHL TRUST and CWMBS filed an annual report, Form 8-K, pursuant to 15 United States Code § 78m or 78o(d) and was assigned file number 333-131662-06, and film number 06830219, with the United States Securities and Exchange Commission.  This Form 8-K contained and incorporated as an exhibit, Exhibit 99.1, the April 1, 2006, Pooling and Servicing Agreement (hereafter the "PSA") for CHL TRUST. The PSA is critical to the management of the CHL TRUST, if CHL TRUST is operable. Plaintiff attaches hereto a true and correct copy of the PSA, as Exhibit "8".

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

29. Plaintiff became delinquent on mortgage payments at the suggestion of BAC, who stated, they could only get a loan modification if they were delinquent.   Afterwards, Plaintiff attempted to contact BAC and BOFA without success.   No Defendant contacted Plaintiff with 'due diligence' to provide any assistance related to the delinquency.

30. Defendant(s), preyed upon Plaintiff by manufacturing legal documents and using false officer and notary signatures on deeds of trust(s), assignment, notice of default, notice of trustee's sale, but not limited to.   A true and correct summary of the varying signatures as compared to the notary's signature from various official and recorded documents is attached hereto as Exhibit "9."

31. The actual documents referenced on Exhibit "9" are attached in the order listed hereto as a true and correct copy of the individual pages to Exhibit "9" as Exhibit "10."

## V.    CLAIMS FOR RELIEF

### COUNT 1

### WRONGFUL FORECLOSURE BY A STRANGER

### (Against All Defendants)

1.   Plaintiff incorporates here each and every allegation set forth above and in this Complaint.

2.   Plaintiff alleges that Defendants have ignored to follow California Civil Code § 2932.5 where it is stated:

> Where a power to sell real property is given to a mortgage, or other encumbrance, in an instrument intended to secure the payment of money, the power is part of the security and vest in any person who by assignment becomes entitled to payment of the money secured by the instrument.  The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

3.   Plaintiff alleges that nothing in the San Diego Recorder's office reflects the name of 'any' assignee (the one that has the legal right to foreclose).

4.   Plaintiff alleges that since California Civil Code § 2932.5 was not adhered to, the foreclosure attempt against Plaintiff's property is illegal and void as a matter of law.

**COMPLAINT**

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

5.   Defendants pooled and bundled up Plaintiff's loan with other mortgage documents and then sold them to the Secondary Market (Wall Street) as a REMIC, commonly referred to as Mortgage Backed Securities or "MBS".  Plaintiff further alleges that the securitization process requires the transfer of these mortgage documents with assignments (in recordable form) to the trust no later than 90 days after the closing date of the creation of the REMIC trust as stated in the PSA.  The closing date in this case is April 30, 2006 (Exhibit 8, Article I, Definitions of the PSA).  A purported assignment was recorded on July 6, 2010, over four years later (Exhibit 5), assigning the Property from MERS to CWMBS.  This assignment is not only void and is based on false documents and signatures, but more importantly, is prohibited from being part of the CHL TRUST pursuant to 26 United States Code § 860(G) because a REMIC trust does not have the power or authority to receive mortgages or notes more than ninety days after the closing specified in the CHL TRUST, which is set out in the PSA.  Assuming MERS had the authority to make an assignment of the Property, it needed to be made on or before July 30, 2006, to be valid.

6.   Because the July 30, 2006, assigned was void, there is not, in recordable form, any assignment on the record that will satisfy the requirements of California Civil Code § 2932.5.

7.   It is impossible for a proper assignment to be recorded at this time because CHL Trust, in addition to 26 United States Code § 860(G), per the PSA, does not allow any transfer of anymore mortgage documents and assignments after the closing date.

8.   As a result it is uncertain who the investor and/or owner of the mortgage note is, but one thing is certain that there is no recorded assignment in the public record or in the world that shows that any of the Defendants are assignees of the deed of trust and note to the Property allowing them to foreclose.  Accordingly, Defendants' nonjudicial foreclosure attempt is void as a matter of law and if Defendants are able to complete the foreclosure, they would be committing a theft of Plaintiff's property.

9.   Additionally, Defendants are not the real parties in interest and lack standing to foreclose under the "Power of Sale" clause of the Deed of Trust(s) (Exhibits 2 and 3).

10.  Plaintiff alleges that there is a defect in the chain of title of the Property in regard to the missing assignment and also there is a discrepancy as to who is the investor that bought Plaintiff's mortgage note.

11.  Moreover, California Commercial Code § 3301 specifically identifies the persons who are entitled to enforce a security interest, such as instituting a foreclosure sale under a Deed of Trust.  The statute is exclusive rather than inclusive in nature, and those who are not identified do not have the right to enforce such an interest.

12.  None of the Defendants had or have standing to foreclose, or authorized to instruct another agent to foreclose, and are not otherwise entitled to payment.   Moreover, Defendants are not "person[s] entitled to enforce" the security interest on the Subject Property, as that term is defined in California Commercial Code § 3301.

13.  California Civil Code § 2924f(b)(1) states in pertinent part:
> A copy of the notice of sale shall also be posted in a conspicuous place on the property to be sold at least 20 days before the date of sale, where possible and where not restricted for any reason. If the property is a single-family residence the posting shall be on a door of the residence, but, if not possible or restricted, then the notice shall be posted in a conspicuous place on the property ... An inaccurate statement of this amount shall not affect the validity of any sale to a bona fide purchaser for value, nor shall the failure to post the notice of sale on a door as provided by this subdivision affect the validity of any sale to a bona fide purchaser for value.

14.  Defendants' failure to comply with statutory notice requirements under California Civil Code §§ 2934a(a)(4)(e) and  2924f(b)(1), but not limited to these provisions, denied Plaintiff the opportunity to exercise the rights that the statutory notice is specifically designed to protect.

15.  Defendants did not have the right to initiate foreclosure, instruct others to carry out foreclosure activity, or foreclose upon the Property under the law as they are strangers. Even assuming, arguendo, that Defendants did have some right to enforce the security interest, the procedures used violated statutory requirements governing non-judicial foreclosure sales.

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

COMPLAINT

16. Plaintiff offers to tender an undertaking as may be required by this court, including but not limited to a bond, depositing equivalent mortgage payments with the court, or placing the undertaking as part of reorganization under Chapter 13 of the Bankruptcy Code.

17. As a direct and proximate result of said Defendants' wrongful actions, Plaintiff has suffered damages, including, but not limited to, direct monetary loss, consequential damages, and emotional distress.

18. In committing the wrongful acts alleged herein, said Defendants acted with malice, oppression and fraud. Said Defendants' willful conduct warrants an award of exemplary damages in an amount sufficient to punish the wrongful conduct and deter such misconduct in the future.

19. In the interim, an emergency order is being sought to stop Defendants' foreclosure of the Property on March 8, 2011.

**COUNT 2**

**FRAUD – INTENTIONAL**

**(Against CHL TRUST, CWMBS, BOFA, BAC, MERS, and RECON)**

20. Plaintiff incorporates here each and every allegation set forth above.

21. As of part of the purported July 6, 2010, assignment (Exhibit 5) of the Property, the assignee, the beneficiary, and the foreclosing agents assert a right to foreclose.  However, Defendants rely upon a forged or defective assignment because the notary signature is forged, and this forgery alone, voids the purported assignment of the Property, notwithstanding the claim that the purported assignment is void as a matter of law as set forth in Count 1.

22. Exhibit 9 has a series of 'cropped' signatures of the notary "Michelle I. Miller" (hereafter "Miller").  The first signature at the top of Exhibit 9 reflects Miller's signature on her Notary Public Bond application, which Plaintiff believes to be her true and correct signature.  The cropped Miller signatures after reflect other public records where the Miller signature is utilized – each is different.  The last Miller signature reflects the signature on the July 6, 2010, assignment (Exhibit 5) in this case.  It is complete differently from them

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

all.  The stark differences in signatures places into question the true identity of the notary or person that signed the Miller signature on the assignment rendering void for this reason alone.

23.  The Miller signature was submitted to assign documents, record the assignment, and to otherwise justify the ability to foreclose on the Property.

24.  The public and Plaintiff would not otherwise have known that the Miller signature is fraudulent and that the fraudulent nature of this Miller signature would render the assignment void.

25.  Defendants knew the Miller signature was false and proceeded to utilize to gain an advantage over others and Plaintiff.

26.  Defendants intended to deceive Plaintiff, and Plaintiff did not know or participate in the forging of the Miller signature.

27.  As a proximate result of the Miller signature forgery, Defendants are going to foreclose on Plaintiff's home on March 8, 2011, and plaintiff will be forever damaged.

28.  Defendants acted outrageously and persistently with actual malice in performing the acts alleged herein and continue to do so.  Accordingly, Plaintiff is entitled to exemplary and punitive damages in a sum according to proof and to such other relief as is set forth below in the Prayer for Relief.

29.  In the interim, an emergency order is being sought to stop Defendants' foreclosure of the Property on March 8, 2011.

**COUNT 3**

**FRAUD – FRAUDULENT CONCEALMENT**

**(Against All Defendants)**

30.  Plaintiff incorporates here each and every allegation set forth above.

31.  The Defendants had and continue to have exclusive knowledge not accessible to Plaintiff of material facts pertaining to mortgage lending activities, foreclosure activities, underwriting guidelines, investor directives, and the full history of the conveyances from the originating lender AWL that Defendants failed to disclose to Plaintiff, at the time of the

**COMPLAINT**

purchase of the Property and this fraudulent concealment continues to this day.

32. At the time of purchase of the Property by Plaintiff, Defendants knew that the loan would be "pooled," and that there would be a "securitized sale."  Defendants knowing this information failed to adhere to underwriting guidelines, falsified appraisals, placed Plaintiff in a loan product not suited for them in bad faith and dealt unfairly while concurrently packaging a mortgage backed security portfolio, the REMIC, to maximized investor value at the expense of Plaintiff because Defendants knew the scheme would result in a liquidity crisis at the time.

33. Defendants knew within a foreseeable period, its investors would discover that mortgagors, including Plaintiff, could not afford their loans and result in massive foreclosures and economic devastation.  We are now in the 'midst' of the greatest mortgage meltdown in history and Americans everywhere are going to pay for it.  Plaintiff is about this lose his home as a result of Defendants' fraudulent concealment.

34. Defendants were particularly aware of the deteriorating quality of loans it was writing, the poor performance over time of those loans, and its ability to sell those loans in the secondary mortgage market.  Defendants knew more than anyone that the loans were bad, would adjust with higher interest rates, and once adjusted, most borrowers would not be able to afford the loans, as is the case of Plaintiff.

35. Defendants knew Plaintiff would be misled by failing to disclose substantial negative information regarding its loan products, including:

a.   The increasingly lax underwriting guidelines used by Defendants in originating loans;

b.   Defendants' pursuit of a "matching strategy" in which it matched the terms of any loan being offered in the market, even loans offered by primarily subprime originators;

c.   Defendants' definition of "prime" loans included loans made to borrowers with FICO scores well below any industry standard definition of prime credit quality;

d.   The high percentage of Defendants' subprime originations that had a loan to value ratio of 100%; and

**COMPLAINT**

e.   The significant additional risk factors, beyond subprime credit history of the borrower, associated with increased default rates, including reduced documentation, stated income, and loan to value ratios in excess of 95% but not limited to.

36. Defendants knew this negative information from numerous reports they regularly received and from emails and presentations prepared by its chief credit risk officer. Defendants nevertheless hid this negative information from the public, including Plaintiff.

37. Plaintiff did not know the concealed facts.

38. Defendants intended to deceive Plaintiff.  As described herein, that deception was essential to their overall plan to raise the value of the REMICs and bilk investors, trade on inside information, and otherwise pump the value of the their stock price.

39. Defendants were once one of the Nation's leading providers of mortgages.  They were highly regarded and reliance was placed on various securities filings, press releases, web site and branch offices, and through television and radio for performance and quality underwriting.  As a result, Plaintiff reasonably relied upon the deception they imposed.

40. As a proximate result of the foregoing concealment by Defendants, and through their schemes, property values have significantly declined and continue to decline, gravely damaging Plaintiff by materially reducing the value of their primary residence, depriving them of access to equity lines, additional mortgages or other financings previously available based on ownership of a primary residence in California, in leading to payment in excess of the value of Plaintiffs' property, thereby resulting in payment with no consideration and often subjecting Plaintiff to reduced credit scores (increasing credit card and other borrowing costs), and reduced credit availability.

41. Defendants acquired the mortgage or rights related thereto with knowledge of the fraudulent operations of each other.

42. Defendants can have no more rights in the Property than AWL, and have no rights appertaining or relating to Plaintiffs' Property as Defendants have represented to Plaintiff that Defendants have.  Defendants have continually concealed this fact from Plaintiff while concurrently demanding and accepting debt service payments from Plaintiff.

**COMPLAINT**

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

43. Without limiting the relief prayed in this Complaint, Plaintiff has loss equity in the Property, has incurred cost and expenses related to protecting itself, has suffered reduced credit scores, has suffered the unavailability of credit and reduced availability of goods and services tied to credit ratings, has incurred increased costs of those services, as well as fees and costs, including, without limitation, attorneys' fees and costs.

44. Although Defendants profess to help borrowers with loan modifications, they in fact, adhere to a secret plan to deprive Plaintiff of any assistance.

45. Defendants, knowing they have no right in or to the Property, now foreclose on the Property and have scheduled a sale date on March 8, 2011, which will result in the compete 'theft' of Plaintiffs' home.

46. Defendants' concealments as to the pervasive mortgage fraud, and their concealment, both as to their scheme to profiteer from the mortgage meltdown and as to their purported efforts to resolve loan modifications with Plaintiff, are substantial factors in causing harm to Plaintiff described in this Complaint.  Defendants want to recover money from the insurance provided by the government on their mortgage, so it does not behoove them to effectuate a loan modification.

47. Defendants acted outrageously and persistently with actual malice in performing the acts alleged herein and continue to do so.  Accordingly, Plaintiff is entitled to exemplary and punitive damages in a sum according to proof and to such other relief as is set forth below in the Prayer for Relief.

48. In the interim, an emergency order is being sought to stop Defendants' foreclosure of the Property on March 8, 2011.

### COUNT 4

### NEGLIGENCE

### (Against all Defendants)

49. Plaintiff incorporates here each and every allegation set forth above.

50. At all times relevant herein, Defendants, and each of them, acting as Plaintiff's brokers and lenders, had a duty to exercise reasonable care and skill in performing their

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

1    duties for the benefit of Plaintiff, their principal, in the loan transaction.

2    51.  In taking the actions alleged in this Complaint, and in failing to take the actions

3    alleged in this Complaint, Defendants, and each of them, breached their duty of care and

4    skill to Plaintiff in the loan transactions, by among other things, failing to supervise,

5    inducing Plaintiff to improperly sign documents by means of false representations,

6    suppressions and concealments, failure to counsel, failure to inform and explain, charging

7    excessive, unconscionable fees, and preparing false financial statements.

8    52.  Defendants involved in the loan process exceeded their roles by failing to adhere to

9    underwriting guidelines and customs, by violating the law, specifically, those counts in this

10   Complaint, but not limited to, by not acting in good faith and representing to Plaintiff that

11   Plaintiff's could refinance his loan or seek equity lines of credit, that Plaintiff's home value

12   would increase, that Plaintiff's credit worthiness would improve (all outside their roles),

13   and more, and doing it on behalf of each other.

14   53.  As a proximate result of the conduct of Defendants, as alleged in this complaint,

15   Plaintiff was damaged in an amount to be proven at the time of trial.

### COUNT 5

### RICO

### (Against All Defendants)

19   54.  Plaintiff incorporates here each and every allegation set forth above.

20   55.  Defendants are an enterprise engaged in and the activities of which affect interstate

21   commerce.

22   56.  Defendants CHL TRUST, CWMBS, BOFA,  BAC, AWL, MERS, and RECON are

23   persons within the meaning of 18 U.S.C. § 1961(3), and as persons associated with CHL,

24   conducted and participated, directly and indirectly, in the conduct of the affairs of said

25   enterprise through a pattern of racketeering activity in violation of 18 United States Code §

26   1962(c).  This conduct was ongoing and both direct and indirect with the purpose of

27   lending money without complying or partially complying with applicable federal and state

28   laws, underwriting guidelines, customs in order to secure profits knowing full well that the

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

likelihood of foreclosures would increase in a high number of loan transactions.  In many cases, loans were made quickly, resold, and eventually packaged as a mortgage-back securities or as in this case REMICS in violation of additional security laws, and the PSAs.

57. The predicate acts which constitute this pattern of racketeering activity were part of scheme engaged in prohibited activities under 18 United States Code §§ 1341, 1343, 1344, and 1348.  Additionally, Defendants engaged in those acts set forth in the counts of this Complaint.  For the purpose of executing this scheme, the Defendants, each of them, placed in post offices and/or in authorized repositories matter and things to be sent or delivered by the Postal Service, caused matter and things to be delivered by commercial interstate carrier, and received matter and things from the Postal service or commercial interstate carriers, including, but not limited to, loan applications, loan documents, collection notices, default and foreclosure notices, press releases, forward-looking statements, but not limited to, up to four years prior to the filing of the Complaint.  These notices were false, misleading, and contrary to law, as described herein; and were deliberately designed to compel Plaintiff either to part with large sums of money or to abandon his property, for the profit of the enterprise.

58. For the purpose of executing this scheme to defraud Plaintiff and obtain money by means of false pretenses, Defendants also transmitted and received messages by wire, including but not limited to telephone and internet communications.  In such communications, Defendants sought to convince Plaintiff either to part with large sums of money or to abandon his property, for the profit of the enterprise, asserting the falsehood that Defendants had the right to foreclose upon the security interest in the Property.

59. These acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of 18 United States Code § 1961(5).

60. Plaintiff was injured by reason of this violation of 18 United States Code § 1962, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has suffered and continues to suffer damages, including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial.

**COMPLAINT**

61.  By reason of the Defendants' violation of 18 United States Code § 1962, Plaintiff is entitled, pursuant to 18 United States Code § 1964(c), to threefold the damages sustained, costs of suit, and reasonable attorneys fees.

**COUNT 6**

**RESPA**

**(Against Defendants CHL TRUST, CWMBS, BOFA, CHL, BAC, and AWL)**

62.  Plaintiff incorporates here each and every allegation set forth above.

63.  The loan transaction between Plaintiff and Defendants is a mortgage loan covered by RESPA.

64.  As part of the loans, Defendants obtained a security interest in the Property through a Deed of Trust.

65.  Plaintiff is not certain at this time exactly which of Defendants was actually the servicer of the loan at any given time, although he believed that each of the Defendants were a loan servicer at different times with the initial loan servicer being AWL.  However, due to the conspiratorial nature of the misdeeds alleged herein, and also due to Defendants' general failure to properly advise Plaintiff as to the roles and identities of the various entities that were purportedly handling his loan at any given time, these allegations are made as to all Defendants.

66. Defendants violated RESPA at the time of closing on the sale of the Subject Property by failing to correctly and accurately comply with multiple disclosure requirements.

67. Defendants violated RESPA, specifically 12 United States Code § 2605(e)(2) by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request not later than 60 days after receipt of the request.

68.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 United States Code § 2605.

69.  As a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

1    continues to suffer damages and costs of suit.  Plaintiff is entitled to recover statutory

2    damages of $1,000.00, actual damages in an amount to be determined at trial, and costs and

3    reasonable attorney's fees.

### COUNT 7

### CALIFORNIA FINANCIAL CODE

### (Against Defendants CHL TRUST, CWMBS, BOFA, CHL, BAC, and AWL)

7    70.  Plaintiff incorporates here each and every allegation set forth above.

8    71. A violation of RESPA is also made unlawful under California state law "by

9    California Financial Code § 50505, which states: "Any person who violates any provision

10   of [RESPA] or any regulation promulgated thereunder, violates this division [California

11   Residential Mortgage Lending Act]."

12   72.  As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an

13   amount to be determined at trial, actual damages according to proof, and costs and

14   reasonable attorneys' fees.

### COUNT 8

### UNFAIR DEBT COLLECTION PRACTICES

### (Against All Defendants)

18   73.  Plaintiff incorporates here each and every allegation set forth above.

19   74.  Plaintiff is informed and believes and thereupon alleges that the Defendants, and

20   each of them, in taking the actions aforementioned, have violated provisions of the

21   Rosenthal Act, including but not limited to California Civil Code § 1788 (e) and (f), and

22   the FDCPA, 15 United States Code § 1692 et seq.

23   75.  Defendants' actions constitute a violation of the Rosenthal Act in that they

24   threatened to take actions or did take actions not permitted by law, including but not

25   limited to calling Plaintiff and threatening to take his home, falsely stating the amount of a

26   debt; increasing the amount of a debt by including amounts that are not permitted by law or

27   contract; and using unfair and unconscionable means in an attempt to collect a debt.

28   76.  Defendants' actions have caused Plaintiff actual damages, including, but not limited

to: severe emotional distress, including, but not limited to, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression.

77.  As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorneys' fees.

### COUNT 9

### CIVIL CODE § 2923.5

### (Against All Defendants Except RECON)

78.  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79.  A private right of action lies for California Civil Code § 2923.5(a) under California Business & Professions § 17200, et. seq., even if the underlying statute confers no private right of action.  *Stop Youth Addiction, Inc. v. Lucky Stores, Inc*. (1998) 17 C4th 553, 561-567, 71 CR2d 731,735-740; *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 C3d 197, 210-211,197 CR 783, 792; *California Med. Assn. v. Aetna U.S. Healthcare of Cal., Inc*. (2001) 94 CA4th 151, 169, 114 CR2d 109, 123.

80.  Pursuant to California Civil Code § 2923.5(a):
[A] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default on an owner's principal residence for loans initiated between January 1, 2003 and December 31, 2007 pursuant to Civil Code § 2924 until 30 days after contact is made as required by §2923.5(a)(2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).

81.  Pursuant to subdivision (g), "due diligence" requires the Defendants to have done all of the following affirmative actions prior to filing the Notice of Default and/or Notice of Sale:

a.       Sending a first-class letter to the borrower that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency;

b.       Attempting to contact the borrower by telephone at least three times at different hours and on different days to discuss options to foreclosure.

c.       If the borrower does not respond within two weeks after the telephone calls,

**COMPLAINT**

sending a certified letter, with return receipt requested, advising the borrower to contact the lender to discuss alternatives to foreclosure.

82.  Pursuant to California Civil Code § 2923.5(c), as part of the filing of the Notice of Sale, the lender is also required to file a declaration attesting to compliance with the due diligence requirements listed above.  California Civil Code § 2923.5(c) states in pertinent part:

"if a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and did not subsequently file a notice of rescission, then the mortgagee, trustee, beneficiary, or authorized agent shall, as part of the notice of sale filed pursuant to Section 2924f, include a declaration that either: (1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure. (2) Lists the efforts made, if any, to contact the borrower in the event no contact was made."

83.  As of the drafting of this complaint, Defendants have violated the following provisions of § 2923.5 by:

a.  Failing to contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure, in violation of § 2923.5(a)(2).

84.  As a result of the aforementioned violations of § 2923.5, the Plaintiff seeks the following Declaratory Relief from the Court:

b.  An order that the Notice of Default and Notice of Sale are void;

c.  An order that the foreclosure sale should be postponed indefinitely until options to avoid foreclosure are explored with the borrower through counsel of record as required by §2923.5.

**COUNT 10**

**CIVIL CODE § 2923.6**

**(Against All Defendants Except Recon)**

85.  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

86.  A private right of action lies for California Civil Code § 2923.6(a) under California Business & Professions § 17200, et. seq. as indicated in paragraph 81 of this Complaint.

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

87.  Pursuant to California Civil Code § 2923.6 (a),

"The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

88. As alleged, the loan for the Property is in payment default.  In addition, the anticipated recovery a loan modification in which the interest rate is reduced and the term is extended will likely result in a modification which is affordable to the Plaintiff and which exceeds the anticipated recovery through foreclosure on a net present value basis.

89.  As a result of the aforementioned violations of California Civil Code § 2923.6, the Plaintiff, in the alternative, an order from the Court that the Defendants should offer loan modification to Plaintiff which complies with California Civil Code § 2923.6 – one in which **"the anticipated recovery … exceeds the anticipated recovery through foreclosure on a net present value basis"**.   This loan modification must also be one which the Plaintiff can afford and which would not result in an inevitable foreclosure.

## COUNT 11

## UNLAWFUL, UNFAIR OR DECEPTIVE PRACTICES

### (Against All Defendants)

90.  Plaintiff incorporates here each and every allegation set forth above.

91. Plaintiff informed and believes and thereon alleges that Defendants committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code § 17200, by engaging in the unlawful, unfair, and fraudulent business practices alleged herein including violating the aforementioned statutes and common law as set forth in the Counts to this Complaint.  Further, these violations resulted in offending

**COMPLAINT**

established public policy and were immoral, unethical, oppressive, unscrupulous or substantially injured Plaintiff and other consumers.

92.  As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

93.  Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

94.  Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

95.  As a result of the acts of Defendants, and each of them, Plaintiff has been damaged in that he has suffered losses of money, and paid for higher loan costs and interest than is just, proper and legal.

96.  Plaintiff is entitled to an award of damages and disgorgement of profits in an amount to be proven at the time of trial.

## **PRAYER**

WHEREFORE, for reason of the foregoing, Plaintiff respectfully prays judgment as follows:

As to all Counts:

1.  Actual and compensatory damages in an amount to be proven at the time of trial;

2.  Any statutory penalties;

3.  Attorney fees;

4.  Costs of suit herein incurred;

5.  Punitive damages in the sum of $1,000,000 pursuant to Civil Code section 1780(a)(4) to punish the Defendants, and each of them, and to deter others from the commission of like offenses;

6.  That Defendants, and each of them, and each of their agents, attorneys, successors, and representatives, and all persons acting in concert or participating with them, be enjoined from proceeding with a foreclosure, or from removing, evicting, or in any

**COMPLAINT**

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

way interfering with Plaintiffs' quiet and exclusive possession and occupancy of the Subject Property whether by an unlawful detainer court action, or otherwise;

7. Rescission of the transactions between Plaintiff and Defendants, and each of them, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants, and each of them;

8. Treble damages pursuant to Title 18, sections 1961, et seq., of the United States Code.

9. Termination of any security interest in Plaintiff's property created under the transactions between Plaintiff and Defendants, and each of them;

10. Return of any monies or property given by the Plaintiff to anyone, including all Defendants, in connection with the transactions between Plaintiff and Defendants, and each of them;

11. Declaratory relief providing for a Temporary Restraining Order against all Defendants, to stop any foreclosure activity, including a trustee's sale, until a hearing on a Preliminary Injunction can be had;

12. Civil penalties pursuant to Business and Professions Code section 17206(a) in an amount to be proven at the time of trial;

13. An order enjoining Defendants, and each of them, from engaging in the illegal, unfair and deceptive practices which are the subject of the complaint; and

14. Any such other and further relief as the court may deem just and proper.

March 4, 2011                                  THE ADVOCATES' LAW FIRM, LLP


_____
FRANCISCO J. ALDANA
Attorney for Plaintiffs ROBERT H. ZAKAR
and VALERIE ZAKAR

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

**COMPLAINT**

## VI.    DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

March 4, 2011                              THE ADVOCATES' LAW FIRM, LLP


_____
FRANCISCO J. ALDANA
Attorney for Plaintiffs ROBERT H. ZAKAR
and VALERIE ZAKAR

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

**COMPLAINT**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ROBERT H. ZAKAR
VALERIE ZAKAR

**DEFENDANTS**

CHL MORTGAGE PASS-THROUGH TRUST 2006-HYB3, et al.

(b) County of Residence of First Listed Plaintiff    San Diego

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Unkown

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

The Advocates' Law Firm, LLP, 600 B Street, Suite 2130, San Diego, CA 92101

Attorneys (If Known)

**'11 CV 0457 H    WVG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
     Plaintiff

☐ 3 Federal Question
     (U.S. Government Not a Party)

☐ 2 U.S. Government
     Defendant

☐ 4 Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause: wrongful foreclosure, Fraud, RICO, RESPA, FDCPA, CA State Claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ Injunctive & unknown damages

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE          DOCKET NUMBER

DATE
03/04/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____