# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT H. ZAKAR and VALERIE ZAKAR, | CASE NO. 11CV457 JLS (WVG) |
|---|---|
| Plaintiff, | **ORDER (1) DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND (2) SETTING HEARING FOR PRELIMINARY INJUNCTION** |
| vs. | |
| CHL MORTGAGE PASS THROUGH TRUST, et al., | (Doc. No. 2.) |
| Defendant. | |

On March 4, 2011, Plaintiffs filed a complaint against Defendants alleging eleven causes of action related to loan transactions and foreclosure. (*See* Doc. No. 1.) Three days later, Plaintiff filed the instant application for temporary restraining order and order to show cause regarding preliminary injunction. (Doc. No. 2.) Plaintiff has yet to serve process on Defendants.

**1.      Temporary Restraining Order**

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, — U.S. —, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 128 S. Ct. 2207, 2218–19 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). This is an "extraordinary remedy that may only be

awarded upon a clear showing that the plaintiff is entitled to such relief." *NRDC*, 129 S.Ct. at 376. This "clear showing" requires Plaintiff to show more than a mere "possibility" of irreparable harm, but instead he must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375 (emphasis in original); *Am. Trucking Ass'ns*, 559 F.3d at 1052.

When a plaintiff has not provided notice of her application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a temporary restraining order.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The stringent restrictions imposed . . . by Rule 65[] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted).

Accordingly, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.3d at 322).

Although Plaintiffs do not frame their application for TRO as an ex parte one, the Court treats it as such because there is no evidence of written or oral notice to the adverse party. There is no evidence of service on Defendants and no declaration regarding oral notice.

As an ex parte application, Plaintiffs fail to satisfy Rules 65(b)(1). Plaintiffs failed to set

1  forth specific facts in an affidavit or a verified complaint clearly showing that immediate and
2  irreparable loss would result before the Defendants could be heard in opposition. *See* Fed. R. Civ.
3  P. 65(b)(1)(A). Plaintiffs' counsel failed to certify in writing any efforts to give notice to
4  Defendants.  *See* Fed. R. Civ. P. 65(b)(1)(B). Plaintiffs have also not demonstrated that notice is
5  impossible or would render further prosecution of the action fruitless, as is required for an ex parte
6  TRO. *Reno Air Racing*, 452 F.3d at 1131.

7  Because Plaintiffs have not satisfied Rule 65(b)(1), Plaintiffs' application for a temporary
8  restraining order is **DENIED**.

9  **2.    Preliminary Injunction**

10  Plaintiffs also requests a preliminary injunction. Under Rule 65(a)(1), "[t]he court may
11  issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).
12  Accordingly, to have their request for a preliminary injunction set for hearing, Plaintiffs must
13  serve Defendants with all documents they have filed in this matter, including the complaint, the
14  application, counsel's declaration, and this Order by March 10, 2011. Plaintiff must electronically
15  file proof of service by March 11, 2011.

16  If Plaintiffs timely serve and file all documents, the request for a preliminary injunction
17  will be set for hearing on Friday, April 1, 2011 at 3:00 p.m. An opposition to the preliminary
18  injunction **SHALL** be filed by March 18, 2011. A reply, if Plaintiff wishes to file one, **SHALL** be
19  filed by March 23, 2011. If all documents are not served as directed, the matter will not be heard
20  on April 1, 2011. Rather, Plaintiff must obtain the next available hearing date from chambers
21  under Local Civil Rule 7.1(b).

## CONCLUSION

23  For the reasons stated, Plaintiffs' ex parte application for a temporary restraining order is
24  **DENIED**.

25  **IT IS SO ORDERED.**

26  DATED: March 8, 2011

27  _____
   Honorable Janis L. Sammartino
   United States District Judge
28