UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. ZAKAR, VALERIE ZAKAR,<br><br>                    Plaintiffs,<br><br>      v.<br><br>CHL MORTGAGE PASS-THROUGH<br>TRUST 2006-HYB3 MORTGAGE PASS-<br>THROUGH CERTIFICATES, SERIES 2006-<br>HYB3, et al.,<br><br>                    Defendants. | Case No.: 11cv0457 AJB (WVG)<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR A PRELIMINARY<br>INJUNCTION |

Presently before the Court is Plaintiffs' motion for preliminary injunction, seeking the enjoinment of a foreclosure sale. (Doc. No. 2).

**BACKGROUND**

On or about January 19, 2006, Plaintiffs obtained a $792,000 loan in order to purchase real property in San Diego.[1] The note on the property is secured by a Deed of Trust recorded on January 24, 2006. The Deed of Trust identifies America's Wholesale Lender ("AWL") as the lender, ReconTrust Company, N.A. ("Recon") as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

---

[1] It appears that Plaintiffs obtained an additional loan when purchasing the property. Inasmuch as Plaintiffs' pending foreclosure results from a default on the $792,000 loan, the Court will not address the documents associated with the secondary mortgage loan.

1

After Plaintiffs became delinquent on their mortgage payments, Recon recorded a Notice of Default and Election to Sell Under the Deed of Trust on August 19, 2009. On April 5, 2010, Recon recorded a Notice of Trustee's Sale of the Property, referencing a sale date of April 26, 2010. The foreclosure sale scheduled for April 26th did not occur. On July 6, 2010, Recon filed a Corporation Assignment of Deed of Trust ("Corporation Assignment") in which MERS assigned its beneficial interests under the Deed of Trust to "The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders CWMBS, Inc. CHL Mortgage Pass-Through Trust 2006-HYB 3 Mortgage Pass-Through Certificates, Series 2006-HYB3." Plaintiffs allege that the foreclosure was subsequently rescheduled for March 8, 2011.[2]

Plaintiffs filed this action on March 4, 2011. The Complaint sets forth eleven causes of action: (1) wrongful foreclosure by a stranger, (2) intentional fraud, (3) fraudulent concealment, (4) negligence, (5) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961 *et seq.*, (6) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, (7) violation of California Financial Code § 50505, (8) unfair debt collection practices under the Rosenthal Act, California Code § 1788(e)-(f), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*, (9) violation of California Civil Code § 2923.5, (10) violation of California Civil Code § 2923.6, and (11) unlawful, unfair or deceptive practices.

## LEGAL STANDARD

In determining whether to grant a preliminary injunction, the Court applies the standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365 (2008). A party seeking a preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.* at 374. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

---

[2] The Court assumes for the purpose of this opinion that the foreclosure sale did not take place on March 8, 2011 inasmuch as the parties have not notified the court otherwise.

## DISCUSSION

As to each of the causes of action in the Complaint, Plaintiffs have failed to show the requisite likelihood of success on the merits to warrant equitable relief. Notably, a party moving for injunctive relief must demonstrate irreparable injury is "likely" in the absence of an injunction, rather than merely possible. *See id.* at 375.

Plaintiffs' motion for a preliminary injunction primarily relies upon Plaintiffs' first cause of action alleging that the foreclosure sale is being conducted by a stranger without the lawful ability to foreclose. Specifically, Plaintiffs contest the validity of the Corporation Assignment of Deed of Trust recorded on July 06, 2010. The Corporation Assignment purports to assign all beneficial interest under the Deed of Trust from MERS to "The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders CWMBS, Inc. CHL Mortgage Pass-Through Trust 2006-HYB 3 Mortgage Pass-Through Certificates, Series 2006-HYB3." Plaintiffs' claim that this was an impermissible assignment and argue that the beneficiary of the mortgage note is currently unknown which invalidates the foreclosure proceedings. However, as previously noted, the Deed of Trust identifies Recon as the trustee. There is no indication that the Corporation Assignment displaced Recon from its original capacity as trustee. Nor have Plaintiffs provided any authority suggesting that the allegedly improper assignment of the beneficiary's interest precludes the trustee from instituting foreclosure proceedings. Under California Civil Code § 2924(a)(1), the foreclosure process may be conducted by the "trustee, mortgage or beneficiary or any of their authorized agents." Cal. Civ. Code § 2924(a)(1). Inasmuch as Recon recorded both the Notice of Default on April 9, 2009, and the Notice of Trustee's Sale on April 5, 2010, it does not appear that Plaintiffs' home is being unlawfully foreclosed upon by stranger. Accordingly, Plaintiffs have not established that they are likely to prevail on their first claim.

As to the remaining claims, Plaintiffs rely entirely upon the allegations contained within the Complaint to demonstrate their likelihood of success on the merits.

In their second cause of action, Plaintiffs allege intentional fraud. Plaintiffs have not demonstrated a likelihood of success on the merits of this claim inasmuch as they have not pled all of the necessary elements of a fraud claim. One of the essential elements of fraud is the justifiable reliance of the plaintiff. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Plaintiffs contend that the

Defendants fraudulently recorded the Corporation Assignment with the forged signature of a notary. There is no indication, however, that Plaintiffs justifiably relied upon the allegedly fraudulent Corporation Assignment in any way. A fraud claim cannot succeed on its merits without evidence of justifiable reliance.

Nor have Plaintiffs demonstrated a likelihood of success based on the merits of their third cause of action alleging fraudulent concealment. The Complaint describes an overall scheme by Defendants to conceal vital information from borrowers when originating, selling, and foreclosing upon mortgage loans. However, Plaintiffs do not offer any evidence to support this claim nor have Plaintiffs disclosed what evidence, if any, they intend to offer later in the litigation. Accordingly, Plaintiffs have not met their burden with regard to their fraudulent concealment claim.

Plaintiffs' fourth cause of action alleges that the Defendants negligently breached their duty of care to the Plaintiffs throughout the loan transaction. In order to establish negligence, Plaintiffs must establish first that Defendants owed Plaintiffs a legal duty of care. The Complaint lists the various ways that Defendants allegedly breached their duty to the Plaintiffs, but does not provide any statutory or common law basis for finding that a legal duty existed. Accordingly, Plaintiffs have not established a likelihood of success on the merits of their negligence claim.

Similarly, Plaintiffs have failed to demonstrate a likelihood of success on the merits of their fifth claim. Plaintiffs' RICO claim alleges that the defendants engaged in a pattern of racketeering by sending numerous loan-related documents in the mail with the intention of compelling Plaintiffs to part with large sums of money or to abandon their property. However, as with their fraudulent concealment claim, Plaintiffs have not identified any of the specific documents that support their racketeering claim and have not provided sufficient information regarding the contents of the documents to establish a likelihood of success on the merits of their RICO claim.

Plaintiff's sixth cause of action alleges that the Defendants violated §2605 of RESPA by: (1) failing to comply with certain disclosure requirements at the closing on the property, and (2) failing to provide a response to Plaintiffs' Qualified Written Request within 60 days after receipt of the request. Defendants' contend that these claims are time-barred inasmuch as claims brought under § 2605 are subject to a three-year statute of limitations period. 12 U.S.C. § 2614. The closing on the property

occurred in 2006 and Plaintiffs have not indicated when they submitted their Qualified Written Request. Inasmuch as Plaintiffs have not offered any justification for finding that their RESPA claims are not time-barred, they have not established a likelihood of success on the merits of their RESPA claim.

For the same reason, Plaintiffs have not established a likelihood of success on the merits for their seventh cause of action. California Financial Code § 50505 provides that any person who violates any provision of RESPA or its regulations has also violated § 50505 of the California Residential Mortgage Lending Act. As discussed above, it is unclear from the Complaint whether Plaintiffs' RESPA claims survive the applicable statute of limitations.

Plaintiffs' eighth cause of action contends that Defendants engaged in unfair debt collection practices in violation of the Rosenthal Act and the FDCPA. Plaintiffs allege that Defendants acted unlawfully in the following ways: calling Plaintiffs and threatening to take their home, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt. However, the Complaint does not provide authority for finding that Defendants constitute debt collectors or that foreclosure pursuant to a deed of trust constitute debt collection under these statutes. *See Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008)(finding that plaintiffs had not pled an FDCPA claim because foreclosing on a property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA); *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009)(holding that foreclosure pursuant to a deed of trust does not constitute debt collection under the Rosenthal Act). Nor does the Complaint provide sufficient factual detail regarding the Defendants' objectionable actions for the Court to determine whether they constituted violations under the Rosenthal Act and the FDCPA. Accordingly, Plaintiffs have not established a likelihood of success on the merits of Plaintiffs' claims.

In their ninth cause of action, Plaintiffs' allege that all of the Defendants except for Recon failed to comply with the due diligence requirements in California Civil Code § 2923.5(a). This provision prohibits mortgagees, trustees, beneficiaries, or authorized agents from filing a notice of default on an owner's principal residence until 30 days after contact is made with the owners or 30 days after

satisfying the statutory due diligence requirements. Cal. Civ. Code § 2923.5(a). However, there is no indication that any of the Defendants other than Recon filed a Notice of Default that would trigger § 2923.5(a)'s requirements. The sole Notice of Default mentioned in the Complaint was filed by Recon and accompanied by a declaration attesting to Recon's compliance with § 2923.5 . Thus, Plaintiffs have not established a likelihood of success on the merits of their ninth cause of action.

Plaintiffs' tenth cause of action alleges that Defendants violated California Civil Code § 2923.6(a) by failing to implement a loan modification or workout plan rather than foreclosing upon Plaintiffs' property. Plaintiffs contend that a private right of action exists for § 2923.6 under California Business & Profession Code § 17200 which permits recovery for "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. While § 17200 may provide a private right of action for violations of § 2923.6(a), Plaintiffs have not provided any authority suggesting that § 2923.6(a) imposes a duty on Defendants that would result in liability to the Plaintiffs in this situation. Subsection (a) of § 2923.6 provides that loan servicers who modify individual loans within a loan pool are not violating their duty to maximize net present value under their pooling and servicing agreements, so long as the modified loan was at risk of default.[3] Cal. Civ. Code § 2923.6(a); *see Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052 (E.D. Cal. 2009). The duties owed by loan servicers to the other members of pooling and servicing agreements are irrelevant to Plaintiffs inasmuch they were not parties

---

[3] California Civil Code § 2923.6(a) states as follows:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, or to all investors under a pooling and servicing agreement, not to any particular party in the loan pool or investor under a polling and servicing agreement, and that a servicer acts in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

to said agreements. Accordingly, Plaintiffs have not established a likelihood of success on the merits of their tenth cause of action.

Plaintiff's eleventh cause of action alleges unlawful, unfair, or deceptive practices by Defendants in violation of California Business and Profession Code § 17200. This claim incorporates each of the allegedly unlawful acts alleged in the preceding ten causes of action to create a separate cause of action through § 17200. Having found that Plaintiffs failed to establish a likelihood of success on the merits of their first ten claims, the Court reaches the same conclusion as to their eleventh cause of action by virtue of the reasoning detailed above.

Because Plaintiffs have failed to show the requisite likelihood of success on the merits, the Court does not consider the remaining three factors.

## CONCLUSION

For the foregoing reasons, Plaintiffs' have not carried their burden of showing that a preliminary injunction should be issued. Accordingly, the Court DENIES Plaintiffs' motion.

IT IS SO ORDERED.

DATED: April 4, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge