UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. ZAKAR, VALERIE ZAKAR,<br><br>                Plaintiffs,<br>v.<br><br>CHL MORTGAGE PASS-THROUGH<br>TRUST 2006-HYB3 MORTGAGE PASS-<br>THROUGH CERTIFICATES, SERIES 2006-<br>HYB3, et al.,<br><br>                Defendants. | Case No.: 11cv0457 AJB (WVG)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br><br>(Doc. 19) |

Presently before the Court is Defendants' motion to dismiss Plaintiffs' Complaint. (Doc. No. 19.) The motion is not opposed. For the following reasons, the motion is GRANTED with leave to amend.

**I.**

**BACKGROUND**

In January 2006, Plaintiffs Robert and Valerie Zakar obtained a $792,000 loan in order to purchase real property in San Diego. (Compl. Part IV. ¶ 19.) The note on the property is secured by a Deed of Trust recorded on January 24, 2006. The Deed of Trust identifies America's Wholesale Lender ("AWL") as the lender, ReconTrust Company, N.A. ("Recon") as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.* ¶ 21.)

After Plaintiffs became delinquent on their mortgage payments, Recon recorded a Notice of Default and Election to Sell Under the Deed of Trust on August 19, 2009. (*Id.* ¶ 25.) On April 5, 2010, Recon recorded a Notice of Trustee's Sale of the Property, referencing a sale date of April 26, 2010. (*Id.* ¶ 26.) The foreclosure sale scheduled for April 26th did not occur. On July 6, 2010, Recon filed a Corporation Assignment of Deed of Trust ("Corporation Assignment") in which MERS assigned its beneficial interests under the Deed of Trust to "The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders CWMBS, Inc. CHL Mortgage Pass-Through Trust 2006-HYB 3 Mortgage Pass-Through Certificates, Series 2006-HYB3." Plaintiffs allege that the foreclosure was subsequently rescheduled for March 8, 2011. (*Id.* ¶ 45.)

Plaintiffs filed this action on March 4, 2011. The Complaint sets forth eleven causes of action: (1) wrongful foreclosure by a stranger, (2) intentional fraud, (3) fraudulent concealment, (4) negligence, (5) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961 *et seq.*, (6) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, (7) violation of California Financial Code § 50505, (8) unfair debt collection practices under the Rosenthal Act, California Code § 1788(e)-(f), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*, (9) violation of California Civil Code § 2923.5, (10) violation of California Civil Code § 2923.6, and (11) unlawful, unfair or deceptive practices.

On April 4, 2011, the Court issued an order denying Plaintiffs' motion for a preliminary injunction. (Doc. No. 21.) Defendants' instant motion to dismiss was filed April 1, 2011, and is not opposed.

## II.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted).

## III.
## DISCUSSION

**A.   Statutes of Limitation**

Defendants first argue that several of Plaintiffs' claims are time-barred, since they arise from alleged wrongdoing that occurred at or before the loan's origination in January 2006. Plaintiffs did not file the Complaint until March 2011, more than five years later. The following list summarizes the applicable causes of action and statutes of limitation:

- Intentional fraud (2nd claim): 3 years
- Fraudulent concealment (3rd claim): 3 years
- Negligence (4th claim): 2 years
- RICO (5th claim): 4 years
- RESPA (6th claim): 3 years
- Cal. Fin. Code § 50505 (7th claim, requires a RESPA violation): 3 years

Defendants further argue that equitable tolling does not salvage Plaintiffs' claims because Plaintiffs fail to allege why they could not have discovered the alleged wrongdoing earlier. They cannot claim they lacked access to the publicly recorded loan documents.

The Court agrees that Plaintiffs' allegations do not supply the requisite specificity to justify equitable tolling. *See, e.g.*, *Casualty Ins. Co. v. Rees Inv. Co.*, 14 Cal. App. 3d 716, 719-20 (Cal. Ct. App. 1971). However, the Court does not necessarily assume that the statutes of limitation started to run at the loan's 2006 origination, as Defendants claim. Therefore, Plaintiffs' amended Complaint should plead equitable tolling with specificity, and it should also address when each applicable statute of limitation started to run.

**B.      Failure to State a Claim Under Rule 12(b)(6)**

In addition to the time-bar issue discussed above, Defendants argue that all of Plaintiffs' causes of action should be dismissed for failure to state a claim under Rule 12(b)(6). The causes of action are addressed in turn.

1.      *Wrongful Foreclosure by a Stranger*

Plaintiffs' first cause of action is for wrongful foreclosure by a stranger without the lawful ability to foreclose. Specifically, they contest the validity of the Corporation Assignment of Deed of Trust ("Assignment"), which was recorded on July 6, 2010 and purports to assign all beneficial interest from MERS to "The Bank of New York Mellon." Consequently, Plaintiffs argue that the beneficiary of the mortgage note is currently unknown, which invalidates the foreclosure proceedings. However, the Deed of Trust identifies Recon as the trustee. There is no indication that the Assignment displaced Recon from its original capacity as trustee. Nor have Plaintiffs provided any authority suggesting that the allegedly improper assignment of the beneficiary's interest precludes the trustee from instituting foreclosure proceedings. Under California Civil Code § 2924(a)(1), the foreclosure process may be conducted by the ***"trustee, mortgage or beneficiary*** or any of their authorized agents" (emphasis added). Because Recon recorded both the Notice of Default on April 9, 2009, and the Notice of Trustee's Sale on April 5, 2010, it does not appear that Plaintiffs' home is being unlawfully foreclosed upon by a stranger.

As additional arguments, Defendants note that to have standing, a plaintiff challenging a foreclosure sale must allege tender (i.e., that he can credibly repay the full amount of the debt). *See, e.g.*, *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996). However, the Complaint does not indicate that Plaintiffs have any ability to repay. Additionally, Defendants refute the alleged

Commercial Code § 3301 violations by asserting that non-judicial foreclosure proceedings in California are governed by Civil Code § 2924, not Commercial Code § 3301. *See Quintero Family Trust v. OneWest Bank*, F.S.B., No. 09-CV-1561-IEG, 2010 WL 392312, *6 (S.D. Cal. Jan 27, 2010).

For all of these reasons, the Court grants Defendants' motion to dismiss the first cause of action, with leave to amend.

2.   ***Intentional Fraud***

In their second cause of action, Plaintiffs allege intentional fraud, but they have not pled all of the necessary elements of a fraud claim. One of the essential elements of fraud is the justifiable reliance of the plaintiff. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Plaintiffs contend that the Defendants fraudulently recorded the Corporation Assignment with the forged signature of a notary. There is no indication, however, that Plaintiffs justifiably relied upon the allegedly fraudulent Corporation Assignment in any way. A fraud claim cannot succeed on its merits without evidence of justifiable reliance. The Court therefore grants Defendants' motion to dismiss the second cause of action, with leave to amend.

3.   ***Fraudulent Concealment***

Plaintiffs' third cause of action describes an overall scheme by Defendants to conceal vital information from borrowers when originating, selling, and foreclosing upon mortgage loans. Defendants argue that Plaintiffs have not pled the requisite particularity for a fraud claim, which is heightened when pleading fraud against a corporate defendant. *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (Cal. Ct. App. 1991). Rather than allege specific facts against Defendants or their employees, Plaintiffs' claim is based on general allegations made against Defendants at large, including Does 1-100.

Defendants also argue that to the extent Plaintiffs base their fraud claims on alleged omissions, these claims fail because Plaintiffs do not allege that Defendants owed them a legal duty of disclosure. *See Lovejoy v. At&T Corp.*, 92 Cal. App. 4th 85, 96 (Cal. Ct. App. 2001). Instead, as Defendants contend, Plaintiffs allege nothing more than a routine mortgage lender/borrower relationship. Finally, Plaintiffs fail to allege any out-of-pocket losses, a required element for both fraud claims. *See* Cal. Civ. Code § 1709; *Fladeboe v. American Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 66 (Cal. Ct. App. 2007).

For all of these reasons, the Court finds that Plaintiffs have failed to state a claim and grants Defendants' motion to dismiss the third cause of action, with leave to amend.

4. *Negligence*

Plaintiffs' fourth cause of action alleges that the Defendants negligently breached their duty of care to the Plaintiffs throughout the loan transaction. In order to establish negligence, Plaintiffs must establish first that Defendants owed Plaintiffs a legal duty of care. *See, e.g.*, *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (Cal. 2001). The Complaint lists the various ways that Defendants allegedly breached their duty to the Plaintiffs, but does not provide any statutory or common law basis for finding that a legal duty existed. Accordingly, Plaintiffs have failed to state a claim for negligence, and the Court grants Defendants' motion to dismiss the fourth cause of action, with leave to amend.

5. *RICO*

Plaintiffs' RICO claim alleges that the Defendants engaged in a pattern of racketeering by sending numerous loan-related documents in the mail with the intention of compelling Plaintiffs to part with large sums of money or to abandon their property. Defendants argue that Plaintiffs fail to allege a pattern of racketeering activity, a RICO enterprise, or injury in fact. Their conclusory allegations do not allege specific facts to meet the pleading standard for a RICO claim. *See, e.g.*, *Pineda v. Saxon Mortg. Servs.*, 2008 U.S. Dist. LEXIS 102439, at *11 (C.D. Cal. Dec. 10, 2008). The Court agrees and grants Defendants' motion to dismiss the fifth cause of action, with leave to amend.

6. *RESPA*

Plaintiff's sixth cause of action alleges that the Defendants violated Section 2605 of RESPA by (1) failing to comply with certain disclosure requirements at the closing on the property, and (2) failing to provide a response to Plaintiffs' Qualified Written Request within sixty days after receipt of the request. Defendants argue that the RESPA claim fails because (1) RESPA does not provide a private right of action related to loan disclosures, (2) Plaintiffs fail to allege actual damages, and (3) Plaintiffs have not alleged any violation of RESPA in connection with their purported Qualified Written Request. The Court therefore grants Defendants' motion to dismiss the sixth cause of action, with leave to amend.

7. *California Financial Code*

California Financial Code § 50505 provides that any person who violates any provision of RESPA or its regulations has also violated Section 50505 of the California Residential Mortgage Lending Act. Because the RESPA cause of action fails, so too does this claim. The Court therefore grants Defendants' motion to dismiss the seventh cause of action, with leave to amend.

8. *Unfair Debt Collection Practices*

Plaintiffs' eighth cause of action contends that Defendants engaged in unfair debt collection practices in violation of the Rosenthal Act and the FDCPA. Plaintiffs allege that Defendants acted unlawfully in the following ways: calling Plaintiffs and threatening to take their home, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt.

However, the claim fails because Plaintiffs do not allege that Defendants are debt collectors or that foreclosure pursuant to a deed of trust constitutes debt collection under these statutes. *See Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (finding that plaintiffs had not pled an FDCPA claim because foreclosing on a property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA); *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009) (holding that foreclosure pursuant to a deed of trust does not constitute debt collection under the Rosenthal Act). The Complaint also fails to provide sufficient factual detail regarding the Defendants' objectionable actions. The Court therefore grants Defendants' motion to dismiss the eighth cause of action, with leave to amend.

9. *Civil Code § 2923.5*

In their ninth cause of action, Plaintiffs' allege that all of the Defendants except for Recon failed to comply with the due diligence requirements in California Civil Code § 2923.5(a). This provision prohibits mortgagees, trustees, beneficiaries, or authorized agents from filing a notice of default on an owner's principal residence until thirty days after contact is made with the owners or thirty days after satisfying the statutory due diligence requirements. Cal. Civ. Code § 2923.5(a).

As with the first cause of action above, this claim fails because Plaintiffs fail to allege tender and thus lack standing. Additionally, there is no indication that any of the Defendants other than Recon filed

a Notice of Default that would trigger Section 2923.5(a)'s requirements.  The sole Notice of Default mentioned in the Complaint was filed by Recon and accompanied by a declaration attesting to Recon's compliance with Section 2923.5. Thus, Plaintiffs have not sufficiently pled their ninth cause of action, and the Court grants Defendants' motion to dismiss it, with leave to amend.

10. *Civil Code § 2923.6*

Plaintiffs' tenth cause of action alleges that Defendants violated California Civil Code § 2923.6(a) by failing to implement a loan modification or workout plan rather than foreclosing upon Plaintiffs' property.  Defendants assert that this claim fails because the statute neither provides Plaintiffs with a private cause of action, nor creates any obligation for Defendants to modify the Plaintiffs' loan. *See, e.g.*, *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009); *Nool v. Homeq Servicing*, 653 F. Supp. 2d 1047, 1052 (E.D. Cal. 2009). Plaintiffs contend that a private right of action exists for Section 2923.6 under California Business & Profession Code § 17200, but Plaintiffs have not provided any authority suggesting that § 2923.6(a) imposes a duty on Defendants that would result in liability to the Plaintiffs in this situation. The duties owed by loan servicers to the other members of pooling and servicing agreements are irrelevant to Plaintiffs, who were not parties to the agreements. Accordingly, Plaintiffs have failed to state a claim, and the Court grants Defendants' motion to dismiss the tenth cause of action, with leave to amend.

11. *Unlawful, Unfair, or Deceptive Practices*

Plaintiffs' eleventh cause of action alleges unlawful, unfair, or deceptive practices by Defendants in violation of California Business and Profession Code § 17200.  This claim incorporates each of the allegedly unlawful acts alleged in the preceding ten causes of action to create a separate cause of action through Section 17200.  Having found that Plaintiffs failed to state a claim in the preceding ten causes of action, the Court reaches the same conclusion here, by virtue of the reasoning detailed above. The Defendants' motion to dismiss the eleventh cause of action is granted with leave to amend.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss with leave to amend. Plaintiffs have thirty (30) days to submit an amended Complaint correcting the deficiencies noted herein. Failure to do so will result in the Court's dismissal of this case.

IT IS SO ORDERED.

DATED: October 13, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge